UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK JOSEPH CASCIO,

    Plaintiff,

v.                                                                                              Case No. 8:20-cv-387-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER**

Before the Court is an Unopposed Petition for Attorney's Fees Under the Equal Access to Justice Act (Doc. 26). Plaintiff Frank Joseph Cascio's attorney, Erik William Berger, requests the Court award attorney fees, paralegal fees, and costs pursuant to EAJA, 28 U.S.C. § 2412(d).

On September 23, 2021, the Court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 24). Final judgment was entered the next day. (Doc. 25). Now, Berger requests a fee award of $8,035.88 and costs of $400. (Doc. 26, pp. 1-5).

In order for Plaintiff to receive an award of fees and costs under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the

prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, the Court finds 46.5 hours in attorney time was reasonable. (Doc. 26, pp. 6-7).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex

litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests an hourly rate of $207.75, which the parties reached after consultation and is unchallenged by the Commissioner. (Doc. 26, n.2). The Court finds the hourly rate may be adjusted to the reasonable requested hourly rate.

Plaintiff also requests .5 hours of work performed at $75 an hour for paralegal time (Doc. 23, p. 6). Plaintiff requests this fee after consulting with the Government and agreeing to reduce the time. EAJA allows for fees for paralegal services at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). The Court finds that $75 is a reasonable rate for the services of the paralegal.

Finally, Cascio seeks $400 in costs for the filing fee. Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, this cost is permitted to be awarded to the prevailing party. Therefore, the Court awards $400 in costs.

Plaintiff filed a "Contingent Fee Agreement" signed by both Plaintiff and attorney Berger. (Doc. 26-1). Under the Agreement, Plaintiff assigns his rights to any EAJA award to his attorneys. (*Id.*) The Court will allow the fee-and-cost award to be paid directly to attorney Berger if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is **ORDERED** that the Unopposed Petition for Attorney's Fees Under the Equal Access to Justice Act (Doc. 26) is **GRANTED** and the Court

awards $8,035.88 in fees and $400 in costs. The fee-and-cost award may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Frank Joseph Cascio. The Clerk of Court is directed to enter an amended judgment.

    Ordered in Fort Myers, Florida, on January 22, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE